UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| BILOXI YACHT CLUB, INC. | § | PLAINTIFF |
| | § | |
| V. | § | NO. 1:07CV888-LG-RHW |
| | § | |
| GRAND CASINOS OF MISSISSIPPI, | § | |
| INC.–BILOXI | § | DEFENDANT |

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO STRIKE EXPERT TESTIMONY

BEFORE THE COURT is Defendant Grand Casinos of Mississippi, Inc.–Biloxi's [50] Motion to Strike. Plaintiff Biloxi Yacht Club, Inc., instituted this action for damages sustained when the Grand Casino gaming barge crashed into the Yacht Club's property during Hurricane Katrina. Grand Casinos argues that the Yacht Club's engineering expert is not qualified to testify as an expert because he is not a licensed Mississippi engineer. The Court has reviewed the parties' submissions and the relevant legal authority. The motion is denied.

Prior to Hurricane Katrina, the Yacht Club's property was located along Highway 90, in Biloxi, Mississippi. The Grand Casino's casino was located east of the Yacht Club, on the beach side of the highway. During the hurricane, on August 29, 2005, the casino barge became dislodged and collided with the Yacht Club's property. Consequently, the Yacht Club instituted this action alleging, among other things, that the casino was improperly moored, causing it to become dislodged during the hurricane. The Yacht Club designated Joseph H. Comer, III, to provide expert engineering testimony.

Grand Casinos argues that Comer is not qualified, because he is not licensed in Mississippi. Grand Casinos relies on Miss. Code Ann. § 73-13-1, which requires a Mississippi

license in order to practice engineering in this state. The Yacht Club responds that this does not make him unqualified and that providing expert testimony does not amount to the "practice" of engineering.

"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto." FED. R. EVID. 702. Grand Casinos does not argue that Comer does not have the knowledge, skill, experience, training, or education. Rather, it asserts that he is not Mississippi-licensed, and is therefore prohibited by operation of this statute from testifying. Grand Casinos makes no argument that a Mississippi license indicates any superior or different engineering knowledge or experience, such as would make Comer's testimony inadmissible.

In the opinion of the Court, the inquiry regarding the statutory requirements for the practice of engineering, or what professional conduct may be proscribed by state law is different from this Court's inquiry regarding whether a witness is qualified to testify as an expert. Assuming that Mr. Comer's anticipated expert testimony constitutes the unlicensed "practice of engineering" as that term is defined by Mississippi Code Annotated § 73-13-3, then that is between Mr. Comer and the Mississippi Board of Engineering. This Court need not, and will not wade into any quiescent challenge of the breadth of Mississippi law regulating the practice of engineering. Instead, the focus here is on of the admissibility of expert testimony in federal court; which is governed by federal law. *Edwards v. Sears, Roebuck & Co.*, 512 F.2d 276, 292 (5th Cir. 1975) (declining to apply Mississippi law on expert qualifications). Consequently, rule 702 of the Federal rules of Evidence is the appropriate standard for determining whether a

2

witness is permitted provide to expert testimony at trial. It will ultimately be up to a jury to determine whether, and to what extent, the absence of a Mississippi engineering licence affects the weight or credibility of the testimony.

**IT IS THEREFORE ORDERED AND ADJUDGED**, that for the reasons stated above, Defendant Grand Casinos of Mississippi, Inc.–Biloxi's [50] Motion to Strike is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 23rd day of February, 2009.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE